IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY JEAN GUY<br><br>  Appellant,<br><br>vs.<br><br>RONDA J. WINNECOUR<br><br>  Appellee, | Civil Action No. 23-1284-MJH |

MEMORANDUM ORDER

The instant matter arises out of Appellant's appeal of the Bankruptcy Court Order converting her case to Chapter 7.  (ECF Nos. 1 through 4). Following Appellant's motion for extension of time to file her brief in support of her appeal (ECF No. 7), this Court granted the same and extended the deadline to October 12, 2023.  (ECF No. 8).  No brief was filed by that date.  On October 23, 2023, Appellee moved to dismiss Appellant's appeal pursuant to Bankruptcy Rule 8018(a)(4) for lack of prosecution. (ECF No. 9).  On October 24, 2023, the Court ordered that, "[o]n or before November 7, 2023, Appellant shall file a brief in support of her appeal or file a response to Trustee's Motion for Dismiss for Lack of Prosecution." (ECF No. 10).  As of this date, Appellant filed neither a brief in support of her appeal nor a response to the motion to dismiss.

In moving to dismiss, Appellee cites to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) and its six factors for this Court to consider before dismissal.  The *Poulis* factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868.  Upon due consideration of Appellee's discussion of the *Poulis* factors, the Court concurs with the same and concludes that dismissal is warranted.  Moreover, as regard factor 3, history of dilatoriness, the Court finds that Appellant's failure to respond to the instant motion further reinforces that said factor favors dismissal.  Accordingly, the Court hereby finds that this matter should be dismissed for lack of prosecution pursuant to Bankruptcy Rule 8018(a)(4).

Upon consideration of the foregoing, Appellee's Motion to Dismiss for Lack of Prosecution (ECF No. 9) is granted.  Appellant's Bankruptcy Appeal is hereby dismissed.  The Clerk will mark this case closed.

Dated:  November 8, 2023

BY THE COURT:

_____
MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE